IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CARLOS WARDLAW and LEVERTIS VICKERS, individually and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FREEDOM TRAILERS, LLC, and MARK BAXLEY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.: 5:17-cv-10<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

PLAINTIFFS CARLOS WARDLAW and LEVERTIS VICKERS, individually and on behalf of all others similarly situated, hereby file this Complaint against DEFENDANTS FREEDOM TRAILERS, LLC and MARK BAXLEY and for this cause of action state the following:

### *Nature of the Claim*

1. Plaintiffs bring this action individually and on behalf of all others similarly situated – pursuant to the collective action provision of 29 U.S.C. § 216(b) – to redress Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), which have deprived Plaintiffs and others similarly situated of their lawful wages.

1

2. This action seeks unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.  Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5. Defendant Freedom Trailers is organized under the laws of the State of Georgia and its principal place of business is located in Willacoochee, Georgia.

6. At all times relevant to this action, Defendant Baxley acted in the interest of an employer toward Plaintiffs, exercised responsibility and control over Plaintiffs' compensation and terms of employment, and was a corporate officer

with operational control of the corporation's covered enterprise. Therefore, Defendant Baxley may be held liable in his individual capacity as an "employer" for Defendant Freedom Trailers' FLSA violations.

7. Plaintiff Wardlaw is a resident of Georgia and has been employed by Defendants since approximately 2009 at Defendants' plant in Willacoochee, Georgia.

8. During this employment, Plaintiff Wardlaw has worked for Defendants in maintenance on the trailer production and maintenance line.

9. Plaintiff Vickers is a resident of Georgia and has been employed by Defendants since approximately 2007 at Defendants' plant in Willacoochee, Georgia.

10. During his employment, Plaintiff Vickers has worked for Defendants driving tractors on the trailer production and maintenance line.

### *Factual Allegations*

11. At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(s).

12. At all times relevant to this action, Defendant Freedom Trailers was an enterprise engaged in commerce or in the production of goods for commerce

within the meaning of the FLSA because it had employees engaged in commerce and because it's annual gross sales volume exceeds $500,000.

13. Defendant Freedom Trailers builds and sells trailers. According to its website, Freedom Trailers is "#1 in BBQ, Concession and Vending Trailers." *See* http://www.freedomtrailers.com/, last visited December 19, 2016.

14. Plaintiffs were "employees" of Defendants' within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

15. At all times relevant to this action, Plaintiffs were non-exempt employees under the FLSA.

16. At all times relevant to this action, Plaintiffs were subject to the FLSA's overtime provisions.

17. Throughout their employment, Plaintiffs regularly worked hours in excess of 40 hours per workweek.

18. In particular, Plaintiffs regularly began their work days at 7:00 a.m. and finished work anywhere from 5:00 p.m. to 12:00 a.m. each day. During Plaintiffs' employment, they also regularly received breaks from 9:30 a.m. to 9:45 a.m., and from 12:15 p.m. to 1:00 p.m.

19. During Plaintiffs' employment with Defendants, Defendants required Plaintiffs to clock in and out each day using a timecard system.

20. During Plaintiffs' employment with Defendants, Plaintiffs were not compensated on an hourly basis.

21. Instead, Defendants compensated Plaintiffs on a purported "production" basis.

22. At all times relevant to this action, Defendants compensated Plaintiffs by providing them with a lump sum each week which sometimes fluctuated. According to Defendants, the fluctuation was due to fluctuation in the plant's weekly production.

23. In compensating Plaintiffs in this manner, Defendants did not take into account the hours, including the overtime hours, that Plaintiffs worked.

24. By failing to take into account the hours Plaintiffs worked, including the overtime hours, Defendants failed to properly compensate Plaintiffs by denying them their proper overtime compensation.

25. Defendants compensated other former and current employees on the trailer production and maintenance line at the Willacoochee plant on the same "production" basis.

26. By failing to take into account the hours that the other current and former employees worked, including their overtime hours, Defendants failed to

properly compensate those employees as well by denying them their proper overtime compensation.

27. Plaintiffs' supervisors were aware of the hours Plaintiffs and other current and former employees worked for which they were not properly compensated.

28. Defendants' practice of compensating employees on a purported "production" basis deprived Plaintiffs and other current and former employees of compensation to which they are entitled, including overtime compensation – *i.e.*, a rate of pay equal to one and one-half times their regular rate – for all hours worked over 40 within each workweek in violation of the FLSA.

29. As a result of these customs, policies, and/or practices, Defendants failed to credit and pay Plaintiffs and other current and former employees properly for all overtime hours they worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

30. Defendants have willfully and intentionally failed and/or refused to compensate Plaintiffs and other current and former employees in accordance with the FLSA.

31. Upon information and belief, Defendants had no reasonable grounds for believing that their failure to pay an overtime premium to Plaintiffs and other current and former employees was appropriate under the FLSA.

32. Instead, Defendant Baxley informed production and maintenance line employees at the Willahoochee plant that he needed to keep the labor budget below a certain percentage of overall sales, and therefore employee compensation would be limited to that percentage.

33. Plaintiffs have retained the law firms listed below to represent them in this action and accordingly have incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

### *Collective Action Allegations*

34. Numerous current and former employees of Defendants exist who are similarly situated to Plaintiffs, were denied proper compensation in violation of the FLSA, and who would benefit from issuance of Court-supervised notice of this lawsuit. Those similarly situated current and former employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

35. Those current and former employees similarly situated to Plaintiffs include all individuals employed by Defendants on the trailer production and maintenance line at Defendants' plant in Willahoochee, Georgia who were paid on

a purported "production" basis and who worked in excess of 40 hours during one or more workweeks during any pay period falling within three chronological years immediately preceding the filing of this Complaint and continuing thereafter through the date on which final judgment is entered in this action.

36.    Plaintiffs consent to participate in this collective action.  Plaintiffs' consents are attached hereto as Exhibit 1 and are a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

### (Overtime Compensation Due Under 29 U.S.C. § 207)

37.    Plaintiffs re-allege paragraphs 1 through 36 above and incorporate them here by reference.

38.    By engaging in the conduct described above, Defendants failed to pay Plaintiffs and all similarly situated individuals at a rate of pay not less than one and one half times their regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

39.    Specifically, Defendants failed to properly compensate Plaintiffs and similarly situated current and former employees for all overtime hours worked through their custom, policy, and/or practice of failing to compensate non-exempt employees at the overtime rate – *i.e.*, a rate of pay equal to one and one-half times

their regular rate – for all hours worked over 40 within each workweek in violation of the FLSA.

40. Defendants' actions in failing to compensate Plaintiffs and persons similarly situated in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiffs and similarly situated individuals.

41. As a result of Defendants' violation of the FLSA, Plaintiffs and all similarly situated individuals are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

i. Take jurisdiction of this matter;

ii. Permit the case to proceed as an FLSA collective action for those employees who opt in to participate by filing proper written notice with the Court;

iii. Issue an Order holding Defendants to be "employers" as that term is defined under the FLSA;

iv. Grant a trial by jury as to all matters properly triable to a jury;

v. Issue a judgment declaring that Plaintiffs and the class they represent are covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

vi. Award the Plaintiffs proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due the Plaintiffs, as required by the FLSA;

vii. Award the other current and former employees proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

viii. Award Plaintiffs and the other current and former employees prejudgment interest on all amounts owed;

ix. Award Plaintiffs and the other current and former employees nominal damages;

x. Award each Plaintiff and the other current and former employees their reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

xi. Award any and such other further relief this Court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

**Plaintiffs hereby demand a jury trial on all claims for which they have a right to a jury.**

DATED: January 18, 2017

By: /s/ John F. Beasley, Jr.
John F. Beasley, Jr.
Georgia Bar No. 045010
JF BEASLEY LLC
31 North Main Street
P.O. Box 309
Watkinsville, GA  30677
Tel: (706) 769-4410
Fax: (706) 769-4471
jfbeasley@jfbeasleylaw.com

Andrew L. Weiner (*pro hac application to be filed on docketing*)
Georgia Bar No. 808278
Jeffrey B. Sand (*pro hac application to be filed on docketing*)
Georgia Bar No. 181568
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center, 3rd Floor
Atlanta, Georgia 30305
(404) 205-5029 (Tel.)
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@atlantaemployeelawyer.com
js@atlantaemployeelawyer.com

Oscar E. Prioleau, Jr. (*pro hac application to be filed on docketing*)
Georgia Bar No. 588510
PRIOLEAU & MILFORT, LLC
BB&T Building-Atlantic Station
271 17th Street, NW, Suite 520
Atlanta, Georgia 30363
(404) 526-9400 (Tel.)
(404) 880-9360 (Fax)
oprioleau@mindspring.com

COUNSEL FOR PLAINTIFFS